IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DERRICK M. STORM,**

    Plaintiff,

v.

**UNITED STATES OF AMERICA**,

    Defendant.

Case No. 16-cv-04167-DDC-KGS

## MEMORANDUM AND ORDER

Pro se plaintiff Derrick Storm brought this action against his employer, James Bartlett, who since has been replaced as a defendant by the United States. In his Complaint, plaintiff alleges four tort claims: (1) defamation, (2) false light, (3) intentional infliction of emotional distress, and (4) tortious interference with business activities. In response, the United States filed a Motion to Dismiss on November 4, 2016. Doc. 7. Plaintiff did not respond, so the court issued a show cause order on December 1, 2016. Doc. 11.

In its Show Cause Order, the court gave plaintiff until December 15, 2016, to show good cause why the court should not grant defendant's Motion to Dismiss as uncontested. Plaintiff again did not respond. Instead, on December 15, 2016, plaintiff filed a Motion to Dismiss. Doc. 17. Defendant responded to plaintiff's Motion to Dismiss, but plaintiff filed no reply and the time for doing so has passed.

This matter thus comes before the court on two motions: plaintiff's Motion to Dismiss and defendant's Motion to Dismiss. For reasons explained below, the court grants plaintiff's Motion and denies defendant's Motion as moot.

1

## Analysis

Plaintiff's Motion to Dismiss asks the court to dismiss his Complaint, without prejudice, under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(5) because he agrees with the arguments in defendant's Motion to Dismiss.  Defendant contends that the court should dismiss the case with prejudice, despite the fact that Rule 41(a)(1)(i) entitles plaintiff to dismiss his case voluntarily without prejudice.  Defendant asserts that the court should preclude plaintiff from invoking Rule 41(a)(1)(i) because plaintiff's Motion to Dismiss asks for dismissal under Rule 12(b)(1) and 12(b)(5), and does not mention Rule 41.

The court disagrees with defendant's position.  Plaintiff proceeds pro se in this action, and so the court construes his filings liberally and holds them to a less stringent standard than those drafted by lawyers.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Because the court construes plaintiff's filings liberally, it concludes that plaintiff's Motion to Dismiss is, in substance, a notice of dismissal under Rule 41(a)(1)(i).  *E.g.*, *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (construing a letter from the pro se plaintiff that asked the court to dismiss his case without prejudice as a notice of dismissal under Rule 41(a)(1)(i) even though the plaintiff's letter never mentioned Rule 41).

"Under Rule 41(a)(1)(i), a plaintiff has an absolute right to dismiss without prejudice and no action is required on the part of the court."  *Id.*  Because the court construes plaintiff's Motion to Dismiss as a notice of dismissal under Rule 41(a)(1)(i), plaintiff's Motion was self-executing and he thus dismissed the case without prejudice on December 15, 2016.  *See id.* at 1000–01.  Corresponding with this conclusion, the court dismisses defendant's Motion to Dismiss as moot.

**IT IS SO ORDERED.**

3

**Dated this 19th day of January, 2017, at Topeka, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**